**GEORGELIS, LARSEN & SABATINO INJURY LAW FIRM, P.C.**
By: Christopher P. Larsen, Esquire
Attorney I.D. No.: 84166
2168 Embassy Drive
Lancaster, PA 17603
T: (717) 394-3004
E-mail: chris@georgelislaw.com
*Attorney for Plaintiff*

| | |
|---|---|
| ERICA L. LORAH-RODRIGUEZ, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF LUIS M. RODRIGUEZ, JR. Plaintiff, | IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA |
| v. | JURY TRIAL DEMANDED |
| CARY L. ZAMILSKI Defendant. | NO. 5:25-cv-5226 |

## COMPLAINT

### PARTIES TO THIS ACTION

1. Plaintiff, Erica L Lorah-Rodriguez (hereinafter, referred to as "Plaintiff"), is an adult individual presently residing at 2008 Pennwick Road, Lancaster, Pennsylvania 17601, and was the wife Luis M. Rodriguez, Jr. (hereinafter, referred to as "Plaintiff's Decedent").

2. Defendant Cary L. Zamilski (hereinafter, referred to as "Defendant") is an adult individual residing at 5422 Orduna Drive, Coral Gables, Florida 33146.

### JURISDICTION

3. Paragraphs 1 thru 2 of this Complaint are incorporated herein by reference as though fully set forth below.

4. The jurisdiction of this Court is based upon the diversity of citizenship existing between Plaintiff and Defendant (28 U.S.C. §1332).

5. The amount in controversy exceeds the sum of $150,000.00, exclusive of interest and costs.

**STATEMENT OF FACTS**

6. Paragraphs 1 through 5 of this Complaint are incorporated herein by reference as though fully set forth below.

7. On or about Friday, May 31, 2024, at approximately 11:38 a.m., Plaintiff's Decedent was operating a 2003 Suzuki GSXS motorcycle, bearing Pennsylvania license plate number 86CH4, traveling southbound along Oregon Pike/State Route 272 (hereinafter, referred to as "Oregon Pike") in the area of the intersection of York Road in Manheim Township, Lancaster County, Pennsylvania.

8. Contemporaneous with the date, time and location described in Paragraph 7, Defendant was operating a 2024 Hyundai Santa Fe, bearing Pennsylvania license plate number MMF2349, traveling northbound on Oregon Pike and turning left/westbound onto York Road.

9. In the area described in Paragraph 7, Oregon Pike has two lanes of southbound travel and two lanes of northbound travel with a lane for turns onto York Road and a posted speed limit of 40 miles per hour.

10. Contemporaneous with the date, time and location described in Paragraph 7, Plaintiff's Decedent was traveling in the right, southbound lane, when Defendant pulled into his lane of travel resulting in a Plaintiff's Decedent striking the passenger side of Defendant's vehicle.

11. As a direct result of the collision, Plaintiff's Decedent suffered multiple traumatic and serious bodily injuries, that caused his death.

12. The collision and the consequences were reasonably foreseeable by Defendant when he engaged in the acts and failures to act described herein.

13. At all times relevant and material to this action, Defendant owed other motorists a duty to use and exercise reasonable and prudent care when driving and operating a vehicle on and around public and/or shared roadways.

14. Defendant breached and violated his duty to use and exercise reasonable and prudent care when driving and operating his vehicle on and around public and/or shared roadways through the acts and failures to act described herein, which were careless and negligent.

**COUNT I**

**WRONGFUL DEATH CLAIM**

15. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference as though fully set forth below.

16. Defendant's carelessness and negligence consisted of the acts, failures to act and information set forth above, as well as the following:

a. Failing to operate his vehicle in a safe, proper and lawful manner under existing circumstances and conditions;

b. Failing to heed the presence and location of Plaintiff's Decedent's motorcycle;

c. Failing to yield to Plaintiff's Decedent's motorcycle;

d. Failing to be properly attentive, cautious and watchful;

e. Failing to keep alert and maintain a proper lookout for other motor vehicles on and/or around the roadway, including Plaintiff's Decedent's motorcycle;

f. Failing to keep alert and observe road circumstances and conditions then existing;

g. Violating various statutes of the Commonwealth of Pennsylvania, including section 3322 of the Pennsylvania Vehicle Code by turning left and failing to yield to approaching traffic and section 3714 by operating in a careless manner.

17. As a direct, factual and proximate cause and result of Defendant's carelessness and negligence, Plaintiff's Decedent suffered multiple traumatic and serious bodily injuries that caused his death.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $150,000.00, together with interest, costs of suit and delay damages.

**COUNT II**

**SURVIVAL CLAIM**

18. Paragraphs 1 through 17 of this Complaint are incorporated herein by reference as though fully set forth below.

19. Defendant's carelessness and negligence consisted of the acts, failures to act and information set forth above, as well as the following:

a. Failing to operate his vehicle in a safe, proper and lawful manner under existing circumstances and conditions;

b. Failing to heed the presence and location of Plaintiff's Decedent's motorcycle;

c. Failing to yield to Plaintiff's Decedent's motorcycle;

d. Failing to be properly attentive, cautious and watchful;

e. Failing to keep alert and maintain a proper lookout for other motor vehicles on and/or around the roadway, including Plaintiff's Decedent's motorcycle;

f. Failing to keep alert and observe road circumstances and conditions then existing;

g. Violating various statutes of the Commonwealth of Pennsylvania, including section 3322 of the Pennsylvania Vehicle Code by turning left and failing to yield to approaching traffic and section 3714 by operating in a careless manner.

20. As a direct, factual and proximate cause and result of Defendant's carelessness and negligence, Plaintiff's Decedent suffered multiple traumatic and serious bodily injuries that caused his death.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $150,000.00, together with interest, costs of suit and delay damages.

**GEORGELIS, LARSEN & SABATINO INJURY LAW FIRM, P.C.**

Dated: 9-11-25

By: s/ Christopher P. Larsen
Christopher P. Larsen, Esquire
Attorney I.D. No.: 84166
2168 Embassy Drive
Lancaster, PA 17603
(717) 394-3004
Attorney for Plaintiff
chris@georgelislaw.com

## CERTIFICATE OF COMPLIANCE

I, Christopher P. Larsen, Esquire, of **Georgelis, Larsen & Sabatino Injury Law Firm, P.C.,** counsel for the Plaintiff in this matter, certify that the foregoing document complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Dated: 9-11-25

By: s/ Christopher P. Larsen

Christopher P. Larsen, Esquire
Attorney I.D. No.: 84166
2168 Embassy Drive
Lancaster, PA 17603
(717) 394-3004
Attorney for Plaintiff
Chris@GeorgelisLaw.com

**VERIFICATION**

I verify that the averments made in the foregoing document are true upon my personal knowledge or information and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 9-11-25

ERICA L. LORAH-RODRIGUEZ

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Erica L. Lorah-Rodriguez, Individually and as Administrator of the Estate of Luis M. Rodriguez, Jr.

**(b)** County of Residence of First Listed Plaintiff: Lancaster County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Christopher P. Larsen, Esquire, Georgelis, Larsen & Sabatino, 2168 Embassy Drive, Lancaster, PA 17603

**DEFENDANTS**

Cary L. Zamilski

County of Residence of First Listed Defendant: Miami-Dade County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. 1332

Brief description of cause:
Motor vehicle negligence

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER 5:25-cv-5226

DATE 9-11-25

SIGNATURE OF ATTORNEY OF RECORD
s/ Christopher P. Larsen

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Lancaster, Pennsylvania

***RELATED CASE IF ANY:*** Case Number: 5:25-cv-5226 Judge: ____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*: ____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*): ____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ERICA L. LORAH-RODRIGUEZ, ET AL. | : | CIVIL ACTION |
| v. | : | |
| CARY L. ZAMILSKI | : | NO. 5:25-CV-5226 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 9/11/2025 | Christopher P. Larsen | s/Christopher P. Larsen |
| **Date** | **Attorney-at-law** #84166 | **Attorney for** Plaintiff |
| 717-394-3004 | 717-824-4970 | Chris@georgelislaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

American LegalNet, Inc.
www.FormsWorkFlow.com