**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERICA L. LORAH-RODRIGUEZ<br><br>INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF LUIS M. RODRIGUEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CARY L. ZAMILSKI,<br><br>Defendant. | CIVIL ACTION<br><br>No. 5:25-cv-05226-JMG JURY<br><br>TRIAL DEMANDED |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff and Defendant, by and through their counsel, file the attached joint proposed jury instructions pursuant to this Honorable Court's Scheduling Order. Plaintiff and Defendant reserve the right to submit supplemental jury instructions depending on the evidence admitted at trial.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**
**Third Circuit Model Jury Instructions**

## 1.1 Preliminary Instructions — Introduction; Role of Jury
**Model**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**
**Third Circuit Model Jury Instructions**

## 1.2 Preliminary Instructions — Description of Case; Summary of Applicable Law

**Model**

In this case, Plaintiff, Erica Lorah-Rodriguez, claims that Defendant Cary L. Zamilski negligently turned left in front of her husband, Luis Rodriguez's, motorcycle resulting in a collision that caused injuries which resulted in Mr. Rodriguez's death. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove to make her case:

All persons must act in a reasonable careful manner to avoid injuring others. The care required varies according to the circumstances and the degree of danger at a particular time. You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case. A person who does something a reasonably careful person would not do under the circumstances is negligent. A person can also be negligent by failing to act. A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**
**Third Circuit Model Jury Instructions**

## 1.3 Preliminary Instructions — Conduct of the Jury

**~~Model~~**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, Instagram, LinkedIn and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into

evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.]

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**
**Third Circuit Model Jury Instructions**

## 1.4 Preliminary Instructions — Bench Conferences

**Model**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
## Third Circuit Model Jury Instructions

### 1.5 Preliminary Instructions — Evidence

**Model**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not

permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an ~~obligation to their clients to make objections when they believe that evidence being offered is~~ improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**Third Circuit Model Jury Instructions**

## 1.6 Preliminary Instructions – Direct and Circumstantial Evidence

**Model**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**
**Third Circuit Model Jury Instructions**

## 1.7 Preliminary Instructions — Credibility of Witnesses

**Model**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**
**Third Circuit Model Jury Instructions**

### 1.9 Preliminary Instructions — Note-Taking By Jurors

**~~Model~~**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In

your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**
**Third Circuit Model Jury Instructions**

## 1.10 Preliminary Instructions — Preponderance of the Evidence

~~**Model**~~

This is a civil case. Plaintiff, Erica Lorah-Rodriguez, is the party who brought this lawsuit. Defendant Cary l. Zamilski is the party against whom the lawsuit was filed. Plaintiff has the burden of proving her case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on her side. If Plaintiff fails to meet this burden, the verdict must be for the Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

~~[On certain issues, called affirmative defenses, [defendant] has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that [defendant] has succeeded in proving that the required facts are more likely so than not so.]~~

~~[[Defendant] has also brought claims for relief against [plaintiff], called counterclaims. On these claims, [defendant] has the same burden of proof as has [plaintiff] on [his/her/its] claims.]~~

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter

standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**Third Circuit Model Jury Instructions**

## 1.12 Preliminary Instructions — Description of Trial Proceedings

~~**Model**~~

The trial will proceed in the following manner:

First, the attorney for Plaintiff will make an opening statement to you. Next, the attorney for Defendant may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff goes first because Plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for Defendant may cross-examine, and Plaintiff may also present evidence. Following Plaintiff's case, Defendant may present evidence. Counsel for Plaintiff may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**
**Third Circuit Model Jury Instructions**

## 2.5 General Instructions For Use During Trial — Use of Deposition

### Model

~~A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.~~

~~The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.~~

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**
**Third Circuit Model Jury Instructions**

## 2.11 General Instructions For Use During Trial — Opinion Testimony

**Model**

You have heard [will hear] testimony containing opinions from [name of witness]. In weighing this opinion testimony, you may consider [his/her] qualifications, the reasons for [his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court].

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13
## Third Circuit Model Jury Instructions

### 3.1 General Instructions For Use At End of Trial — Deliberations

**Model**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the

evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service such as Facebook, Instagram, LinkedIn or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14 – PSSJI (Civ) 3.90 – Computer - Generated Animation Evidence.**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15 – PSSJI (Civ) 4.20 – Believeability of Witnesses Generally**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16 – PSSJI (Civ) 4.30 – Conflicting Testimony**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17 – PSSJI (Civ) 4.40 – Intentionally False Testimony**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18 – PSSJI (Civ) 4.50 – Impeachment or Corroboration of Witness by Prior Inconsistent or Consistent Statement**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19 – PSSJI (Civ) 5.50 – Failure of a Party to Testify – Adverse Inference**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20 – PSSJI (Civ) 7.00 – Damages**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21 – PSSJI (Civ) 7.20 – Past Medical Expenses**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22 – PSSJI (Civ) 7.40 – Past and Future Loss of Earnings and Earning Capacity**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23 – PSSJI (Civ) 7.90 – Other Contributing Causes**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24 – PSSJI (Civ) 7.110 – Past and Future – Noneconomic Loss**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25 – PSSJI (Civ) 7.120 – Loss of Consortium**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26 – PSSJI (Civ) 7.130 – Property Damage**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27 – PSSJI (Civ) 7.180 – Wrongful Death and Survival Actions**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28 – PSSJI (Civ) 7.21B – Damages – Life Expectancy (Death Cases)**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29 – PSSJI (Civ) 13.10 – Negligence –**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30 – PSSJI (Civ) 13.20 – Factual Cause**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31 – PSSJI (Civ) 13.100 – Violation of Statute – Negligence Per Se**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32 – PSSJI (Civ) 13.150 – Concurring Causes**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33 – PSSJI (Civ) 13.170 – Intervening or Superseding Cause**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34 – PSSJI (Civ) 13.180 – Plaintiff's Comparative Negligence**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35 – PSSJI (Civ) 13.190 – Apportionment of Comparative Negligence between Plaintiff and Single Defendant**

**GLS INJURY LAW, P.C.**

Date: 8/19/21

BY: ______________________

Christopher P. Larsen, Esquire
Attorney I.D. No.: 84166
2168 Embassy Drive
Lancaster, PA 17603
(717) 394-3004
Attorney for Plaintiff
chris@glsinjurylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

**SERVICE BY EMAIL ADDRESSED AS FOLLOWS:**

EMAIL: jfeigenbaum@postschell.com
Josel Feigenbaum, Esquire
Post & Schell
3 Logan Square, 24th Floor
1717 Arch Street
Philadelphia, PA 19103
Attorney for Defendant, Cary Zamilski

**GEORGELIS, LARSEN & SABATINO INJURY LAW FIRM, P.C.**

Dated: 8/19/26

By: ______________________
Christopher P. Larsen, Esquire
Attorney I.D. No.: 84166
*Attorney for Plaintiff*