Post & Schell P.C.
ATTORNEYS AT LAW

Three Logan Square
1717 Arch Street
24th Floor
Philadelphia, PA 19103
215-587-1000 Main
215-587-1444 Main Fax
www.postschell.com

Joel H. Feigenbaum

jfeigenbaum@postschell.com
215-587-1138 Direct
215-320-4765 Direct Fax
File #: 209400

September 23, 2026

***VIA ECF FILING AND***
***VIA EMAIL CHRISTINE_STEIN@PAED.USCOURTS.GOV***

Hon. J. John M. Gallagher
U.S.D.C., Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

**Re: LORAH-RODRIGUEZ v. ZAMILSKI, 5:25-cv-05226-JMG**

Dear Judge Gallagher:

As you know, I represent Defendant, Cary Zamilski in the above-referenced matter, which is scheduled for a final pre-trial conference on September 30 and trial on October 13, 2026. I write to keep the Court informed of an issue that has arisen with respect to Defendant's scheduling of videotaped trial depositions of three (3) professional, expert witnesses, Sean Carstairs, MD, Barbara Bollinger, MD, and Chad Staller, an economist, each of whom who will be unavailable at the time of trial as defined by the Rules of Civil Procedure.

Yesterday, Plaintiff filed an Objection to Untimely Notices of Deposition. *See* ECF 42. As described below and within Defendant's Answer to Plaintiff's Objections (*see* ECF 43), Defendant complied with Your Honor's Policies and Procedures, the Amended Scheduling Order, and the Federal Rules of Civil Procedure in transmitting trial deposition notices to Plaintiff's counsel. Importantly, the noticed trial depositions of these expert witnesses will *not* cause any delay at trial.

As an initial matter, Your Honor's Policies and Procedures require pre-trial memorandum to identify any deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief at trial, including citations to the page and line number. The Policies further explicitly allow for (in fact *expect*) that oral or videotaped testimony to be used at trial for witnesses, whether the witness is a party, non-party or an expert who is unavailable assuming such a deposition is not grounds for delay.

On August 13, 2026, Defendant submitted its Pre-Trial Memorandum, which identifies Sean Carstairs, MD, Barbara Bollinger, MD, and Chad Staller as defense expert witnesses for trial and,

correspondingly, identifies their three (3) reports and CVs as trial exhibits. *See* ECF 20. Defendant, also, specifically, **"reserve[d] the right to introduce deposition testimony/video testimony of any unavailable witness, including expert witnesses" at trial**. *Id.* At the time of the August 13, 2026 Pre-Trial Memorandum and at present, no discovery or trial deposition of any expert witness has taken place. As such, **Defendant could not have identified such a non-existent exhibit in its Pre-Trial Memorandum**. Defendant did, however, properly place Plaintiff and the Court on notice that it may rely upon the trial deposition of any unavailable witness, which is now Defendant's intention.[1]

F.R.C.P. 32(4) permits a party to rely upon deposition testimony at trial should a witness be unavailable. The Rules specifically contemplate, for instance, that a witness may be unavailable at trial due to illness. Should such an instance arise, a party likely would have no warning of such a need to use pre-recorded testimony until the eve of or during trial itself. Therefore, Plaintiff's position that the Amended Scheduling Order required Defendant to conduct any trial depositions before June, 5, 2026 – only **three (3) weeks** *after* rebuttal expert reports were due, **one month** *after* fact discovery closed, and **four (4) months** *before* trial commenced – , smacks of gamesmanship and is contrary to common sense and customary practices among civil litigations before this Court.

Sean Carstairs, MD, is a physician who lives and works in California. Regardless, Dr. Carstairs will be out of the country – in the United Kingdom – during the entirety of this trial and, therefore, is an unavailable witness under Rule 32(a)(4). Barbara Bollinger, MD, is a physician in Pennsylvania but will be in Florida at the time of the trial. She is, therefore, an unavailable witness under Rule 32(a)(4). Chad Staller, an expert economist, is attached for trial in other civil trials scheduled during the same week as the instant matter. As he is already scheduled and attached to give live testimony in other proceedings, issuing a subpoena for his attendance would be futile and a waste of legal paper as it is known he cannot comply. He, therefore, is unavailable under Rule 32(a)(4).

Rule 30(b)(3) permits the use of videotaped depositions and Rule 32(a)(4) permits the use of depositions at trial when a witness is unavailable. On September 21, 2026, defense counsel transmitted notices of trial deposition to Plaintiff's counsel to be taken on October 1, October 2, and October 8, 2026. In response to Plaintiff's objections to these notices and to provide Plaintiff's counsel as much time as possible to prepare for these depositions, defense counsel, on September 23, 2026, rescheduled the first noticed deposition, the October 1 deposition, and rescheduled it to October 12, 2026. As such, twelve (12), seventeen (17), and nineteen (19) days advance notice of the trial depositions were provided, respectively.

---

[1] On August 19, 2026, Plaintiff objected to Defendant's reservation of the right to rely upon "additional depositions" in violation of the Amended Scheduling Order. *See* ECF 30. On August 24, 2026, Defendant responded to Plaintiff's Objection, stating that it did not intend to take any additional *discovery* depositions. Rather, it reserved the right to take *trial* depositions of any witness who may be unavailable at the time of trial. *See* ECF 35.

Defendant respectfully requests that this Honorable Court permit Defendant to proceed with the noticed trial depositions of Dr. Carstairs, Dr. Bollinger, and Mr. Staller on October 2, October 8 and October 12, respectively, as each trial witness meets the standard of an unavailable witness under the Rules. Defendant will be unduly and unjustly prejudiced if it is precluded from presenting its three (3) expert witnesses at trial to the jury. These witnesses will provide instrumental testimony and opinions as to liability and damages issues.

Thank you for your kind attention.

Respectfully yours,

Joel H. Feigenbaum

JHF/mdf

cc: Christopher P. Larsen, Esquire (*via Electronic Filing, via Email chris@glsinjurylaw.com*)